Good morning, your honors. Melody Walcott. I'm with the Federal Defender Office in Fresno, California, and I'm representing Mr. Nelson. I'd like to reserve two minutes for rebuttal. There are a couple matters I wanted to address quickly before I begin. One is a fairly minor matter, that is that Mr. Nelson, in the brief it was written that he is at Wasco. He is currently at Corcoran. The other matter is the cases. In looking at the guideline 5G 1.3, and I went back and looked a second time, it was extremely difficult trying to find any cases which factually were similar to this case. I do agree with the analysis that the government used in the cases that it cited in 5G 1.3. It is clear that the court has discretion in making a decision about how to sentence an individual who has been convicted of an offense where there is, and that state offense is relevant conduct in the federal matter. It is also clear that Section 3584 controls concurrent versus consecutive sentencing. I think our sole difference is the way that this was applied by the district court in this matter. It is, of course, our position that Mr. Nelson should have received totally concurrent sentencing in this matter. The treatment of the joint investigation in Mr. Nelson's case has resulted in an unreasonable sentence. The goal of imposition of a concurrent or consecutive sentence is to allow district courts to achieve a reasonable sentence. As this court is aware... Was there overlapping conduct? He was sentenced for certain things in the state court and certain things in the federal court. Correct. And what overlapped? I can't say there was overlapping in the sentence itself. In the facts that brought the case before the court, there was an overlapping. I'm sorry, there was or there was not? There was an overlapping. Okay. One of the victims in the state case had viewed, had been forced, obviously, to view child pornography in the federal matter. So in the factual sense, there wasn't overlapping. But there is nothing in the state case, in the sentencing, that says... What's he charged with in state? What's the state count? The state counts were lewd, lewd and lascivious acts. But it's all possession of such materials depicting lewd and lascivious acts among children, correct? It was the acts of the physical acts of molestation. I'm sorry. The federal charges are the possession charges. Correct. Okay. So what is the factual overlap between the basis for the federal charges and the basis for the state charges? That one of the children that he molested was also forced to observe some of the pornography that he possessed? That is correct. Possession wouldn't depend at all on somebody else other than this guy, than the defendant, possessing it, right? It wasn't unlawful viewing or forcing a child to view pornographic images. That... I'm sorry. The court's question is... I'm still trying to find out what is the overlap between the factual basis for the state charges and the factual basis for the federal charges. And you told me that one of the children that he molested, he also forced to watch some of the unlawful images that he possessed. That is correct. But that would not be an element of that crime, would it? No, it would not. It would not. I cannot say that it is, no. But it was considered... I... Child A, say, had to, that he molested, he was tried for molesting her. Now she, incidentally, for the federal charges, she happened to see pornography. Whether she saw the pornography or not, he was tried for having the pornography in his possession. And for receipt or distribution, yes. And what? And for receipt or distribution, yes. That's correct, Your Honor. But he wasn't accused in the federal case of having her see it, distributing it to her, was he? No, he was not accused of that. He was only accused of being in possession and receiving or distributing. Actually, he was not charged with distributing. Correct. I must say I don't see any overlap between what he was punished for in the state conviction and what he was punished for in the federal. Well, the overlap, I think, occurred, Your Honor, when he got the five-level bump for pattern of activity. That's one place where it occurred. The state conduct was included as relevant conduct in the federal matter. And so in that sense, the court and the probation office and the government took these facts as part and parcel of what occurred in this matter. Okay. All right. You've got about two more issues, I think. Yes, I do. I do want to quite candidly, unless the court has questions, of course, I'm going to leave the prosecutorial misconduct where it is. I don't have any further evidence or information other than what's already been presented to the district court and to this court. All right. On the other one, your double-counting issue, because you've got enhancements for three things relating to the vulnerable victim, under 12, and sadomasochism. Correct. And your claim there is they shouldn't have all three for the same act. Don't Wright and Holt take care of that question? They do address it, and this Court has decided that vulnerable victim is an appropriate upward adjustment, yes. Even when there's also vulnerable victim and under 12 can be separate enhancements. That's correct. This Court has decided that where there is a victim that is unusually young, that that would also mean unusually vulnerable. Doesn't that lead to the conclusion that we can't do anything about it? If you want to save it for the Supreme Court, good luck to you. I suppose from our perspective, Your Honor, hope springs eternal. If you have good reason to hope, but I don't think we have any authority to do anything about it. Even if we like you, we like your argument, aren't we bound? I think the Court is bound by its prior precedent. That's true. But I think that the Court is also free to take a second look at it. We're not free to take a second look. All we can do if we take a second look is request and unbank, which you can do on your own. Very well, Your Honor. All right. Then unless the Court has any questions, I will reserve the balance of my time. Thank you. Do you want to tell us we can take a second look? No. Good morning, Your Honors. Brian Enos on behalf of the United States Eastern District of California. I'd like to begin my presentation today following up on the concerns the Court has already raised. First, Your Honor, you're right. The Wright case, W-R-I-G-H-T, has addressed that. Well, I think counsel said we're bound by Wright and Holt. That's right. And Wright contemplates. Why are you going to argue about that? I'll leave it. Okay. Thank you. With respect to the consecutive sentence imposed, there is no relevant conduct between the two crimes. The State crimes were the molestation crimes pertaining to 1998 and 2003 molestations from a baseball coach to kids in Sanger, California. The Federal crimes have to do with what was found on a computer, and incidentally what the defendant did was plead guilty to receipt unconditionally for having images of child pornography in September 2006. So we don't have any relevant conduct tying those two crimes together. What we do have is one enhancement that's broader than just the what's relevant and what's not, and that is 2G2.2B5, which says if there's a pattern of abuse against kids, you can indeed apply a five-level enhancement. And if you read the commentary to that specific subdivision of 2G2.2, it does say you can contemplate different crimes that have been committed, the only tether being that kids have been victimized, whether they're worldwide kids in the form of child pornography victims whose sexual abuse are depicted on Mr. Nelson's computers or local kids, as far as Ms. Walcott and I are concerned, kids in Sanger that have been molested. What Judge Ishii did was very prudently follow a very good analysis on pages 6, 9, and 10 of the presentence report, which says we are going to apply 2G2.2B5 because there is a pattern of abuse, even though the crimes are wholly separate and distinct, because in reading the commentary, it indeed is applicable goal – applicable, excuse me. However, we're going to run that concurrent, the 64 months of the 151 months that was concurrent applied to that. And so the Court took care of that a problem as well. With respect to the third and final issue, all I'll briefly say is there's absolutely no factual record suggesting that there's any prosecutorial misconduct. I welcome any and all questions the Court may have. Thank you, counsel. Thank you. The case is carried. It will be submitted.
judges: Hug, Reinhardt, Bybee